[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Annette Gibson appeals her conviction for the assault of two police officers under R.C. 2903.13(A), felonies of the fourth degree. The trial court had accepted Gibson's guilty plea and sentenced her to two seventeen-month prison terms, to be served concurrently. We affirm.
 {¶ 3} Gibson was arrested for solicitation. During the arrest, she assaulted two officers by attempting to kick them and spit on them. Gibson is HIV positive and apparently announced this fact as she was attempting to spit on the officers.
 {¶ 4} On appeal, counsel for Gibson has filed a brief in accordance with Anders v. California,[1] stating that counsel has conscientiously reviewed the record and can discern no reversible errors in the proceedings. Consequently, counsel has sought to withdraw from representation and has requested that this court, consistent withAnders, independently review the record to determine whether the proceedings below were free from prejudicial error.
 {¶ 5} Counsel, as required by Anders, has given Gibson an opportunity to provide grounds for this appeal. In her singular assignment of error, Gibson argues that the trial court erred in sentencing her to two concurrent seventeen-month terms.
 {¶ 6} Before Gibson entered her plea of guilty, the trial court informed her of her potential sentence and her post-release control. The court also informed Gibson that she was waiving her rights to trial, to confront the witnesses against her, and to force the prosecution to prove every element of its case beyond a reasonable doubt. The record reflects that the trial court ensured that Gibson's plea was made knowingly and voluntarily.
 {¶ 7} The trial court also made all the appropriate findings on the record at the sentencing hearing and in the written sentencing findings to support the sentences it imposed. The court specifically mentioned the "recidivism likely" factors of Gibson's prior convictions, unsuccessful probation, and alcohol and drug use. It also listed the relevant R.C. 2929.13(B) factors — namely, that Gibson had attempted to cause physical harm, had previously served a prison term, and was not amenable to community control. The court then noted that community control would not adequately protect the public. Further, it determined that Gibson presented the greatest likelihood of recidivism, as she had committed two felonies and one misdemeanor in the two and one-half years since moving to the county, along with three other out-of-state felonies.
 {¶ 8} The trial court did not impose maximum or consecutive sentences. It properly followed the sentencing guidelines and announced its findings at the sentencing hearing. We cannot find any prejudicial error in the proceedings below.
 {¶ 9} We conclude that Gibson's appeal is completely without merit and is wholly frivolous. Therefore, we overrule counsel's motion to withdraw and affirm the judgment of the trial court.
 {¶ 10} Although we hold that this appeal is frivolous under App.R. 23 and without "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Gibson because she is clearly indigent.
 {¶ 11} Accordingly, the judgment of the trial court is affirmed.
 {¶ 12} Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.